UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| EUGENE SCALIA,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>      Petitioner,<br><br>   v.<br><br>SPEAK LIFE WORSHIP CENTER, INC.,<br>d/b/a DANCING WITH THE STARS KIDDIE<br>COLLEGE,<br><br>      Respondent. | FILE NO.<br><br>1:20-mc-00002 |

## THE SECRETARY OF LABOR'S PETITION TO ENFORCE ADMINISTRATIVE SUBPOENA *DUCES TECUM* ISSUED BY THE WAGE AND HOUR DIVISION

COMES NOW Petitioner Eugene Scalia, the Secretary of Labor, United States Department of Labor (the "Secretary"), and petitions the Court to compel Speak Life Worship Center, Inc., d/b/a/ Dancing with the Stars Kiddie College (hereinafter "Respondent") to produce the documents requested in his Agency's administrative subpoena *duces tecum*. In support of the Petition, the Secretary asserts the following:

### JURISDICTION

1. This Petition is brought to compel Respondent to comply with an Administrative Subpoena *Duces Tecum* issued by the Regional Administrator, Region IV (hereinafter "WHD"), of the United States Department of Labor (hereinafter "the Subpoena"), in an investigation conducted pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. (hereinafter "the Act" or "FLSA").

2. This Court has subject matter jurisdiction over this Petition pursuant to Section 9 of the Act, 29 U.S.C. § 209, and 28 U.S.C. §§ 1331 and 1345.

## VENUE

3. Respondent at all times has been a corporation having a principal place of business located at 324 S. Wilson Ave., Prichard, Alabama 36610 and a facility at 1613 Wolf Ridge Road, Whistler, Alabama 36612, and is an employer within the meaning of the Act. Declaration of Wage and Hour Investigator Timothy Coffman (hereinafter "WHI Coffman") (hereinafter "Coffman Decl."), attached as **Exhibit A**, ¶¶5-6. The business location is within the jurisdiction of the Court.

4. Venue lies in the United States District Court for the Southern District of Alabama pursuant to Section 9 of the Act, 29 U.S.C. § 209, and 28 U.S.C. §§ 1331 and 1345, as Respondent has and continues to conduct business in this judicial district.

5. Because the Subpoena seeks documents about Respondent's employment practices for work performed in Alabama and the documents responsive to the Subpoena are believed to be located in Prichard, Alabama, this case should be assigned to the United States District Court for the Southern District of Alabama.

## THE INVESTIGATION AND SUBPOENA

6. On October 3, 2019, WHD's Mobile Area Office (hereinafter "Area Office"), opened an investigation to determine Respondent's coverage under the Act and compliance with the provisions of the Act (hereinafter "investigation"). *Id*. at ¶3. The investigation was assigned to WHI Coffman of the Area Office. *Id*. at ¶4. The investigation covers the two-year period preceding its opening to the present. *Id*. at ¶3.

7. Respondent operates a daycare in Whistler, Alabama. *Id*. at ¶6.

8. Ms. Andrea Johnson is the owner of Respondent, and Ms. Ebony Jarmon is the Daycare Director of Respondent. *Id*. at ¶¶7-8.

9. As part of the investigation, WHI Coffman requested documents necessary to determine Respondent's coverage under, and compliance with, the Act—including but not limited to corporate, payroll, and timekeeping documents. Respondent did not provide all of the requested documents. *Id*. at ¶27.

10. On October 18, 2019, WHI Coffman hand delivered an appointment letter ("Appointment Letter") to Respondent requesting, in particular, to review ownership information, tax returns, and records of time worked and payroll records for all employees. WHI Coffman asked for two years of documents and requested the items be made available that day. *Id*. at ¶10; Exhibit 1 to Coffman Decl. Respondent did not make any documents available to WHI Coffman. Coffman Decl., at ¶11.

11. On October 21, 2019, via telephone, WHI Coffman again requested that Respondent's Daycare Director provide the documents sought in the Appointment Letter but received no response. *Id*. at ¶¶12-13.

12. Between October 23 and October 28, 2019, WHI Coffman visited the daycare, where the Daycare Director said that she was waiting on the owner, and left additional voicemail messages with the Daycare Director but did not receive any documents.

13. By letter hand-delivered on November 1, 2019, WHD requested that Respondent make available at the Area Office on Thursday, November 7, 2019, the original records listed below, which encompassed the documents sought in the Appointment Letter. *Id.* at ¶15; Exhibit 2 to Coffman Decl.

14. The Area Office did not receive any documents between November 1, 2019 and November 7, 2019. *Id.* at ¶16.

15. On November 12, 2019, WHI Coffman called the Daycare Director who stated that Respondent faxed documents to the Area Office. *Id.* at ¶17. WHI Coffman responded that the Area Office did not receive any documents. *Id.* at ¶18.

16. The Daycare Director assured WHI Coffman that she would again try to fax the documents, but the Area Office did not receive any documents. *Id.* at ¶¶19-20.

17. Given Respondent's failure to produce the requested documents concerning employer coverage under the Act, along with wages, hours, and other terms and conditions of employment, on January 10, 2020, Juan G. Coria, Regional Administrator for WHD's Region IV, issued a Subpoena to Respondent pursuant to authority granted to WHD by Section 9 of the Act, 29 U.S.C. §§ 209 and 211. Coffman Decl. ¶21, Exhibit 3 to Coffman Decl.

18. The Subpoena required Respondent to appear at the WHD Area Office at 10 a.m. on January 16, 2020, to provide specific documents, as set forth in Attachment #1 to the Subpoena. Coffman Decl. ¶22, Exhibit 3 to Coffman Decl. Both the Appointment Letter and the November 1, 2019 letter previously requested the documents that are sought in the Subpoena. Coffman Decl. ¶¶23-24.

19. The Subpoena seeks nine categories of documents needed to evaluate an employer's coverage under and compliance with the Act. *Id.* at ¶24. Without the requested documents, WHD is unable to discharge its statutory obligation to investigate this matter and determine whether violations have occurred. *Id.* at ¶24.

20. On January 13, 2020, WHI Coffman personally served the Subpoena on Respondent's owner at 1613 Wolf Ridge Road, Whistler, Alabama 36612. Coffman Decl. ¶25, Exhibit 3 to Coffman Decl.

## RESPONDENT'S FAILURE TO COMPLY WITH THE SUBPOENA

21. On January 16, 2020, Respondent's Daycare Director stated to WHI Coffman that she could not print or email the requested documents. Coffman Decl. ¶26.

22. Between January 16 and January 21, 2020, the Area Office received from Respondent a blank two-page fax and a package dropped off at the Area Office containing documents partially responsive to categories 5, 6, and 9 of the Subpoena.[1]  *Id.* at ¶27.

23. Respondent did not provide documents responsive to categories 1, 2, 3, 4, 7, and 8 of the Subpoena. *Id.* at ¶28.

24. In particular, Respondent failed to provide timekeeping records and to provide payroll information by pay period, to provide dates of employment for its employees, and to provide information about its annual dollar volume. *Id.* at ¶28.

25. On January 21 and January 23, 2020, WHI Coffman attempted to make contact by phone with Respondent, but neither the Daycare Director nor Respondent's owner were available. *Id.* at ¶29.

26. On January 27, 2020, WHI Coffman spoke by telephone with the Daycare Director, specified the additional documents the Area Office needed under the Subpoena, and gave an extension through January 29, 2020 to respond to the Subpoena. *Id.* at ¶30.

---

[1] The package comprised (1) a list of certain employees with address and phone numbers; (2) an hours summary report showing total paid hours, average weekly paid hours, and average monthly paid hours from December 1, 2017 to September 1, 2019; (3) a payroll details report for sixteen select employees, showing total hours the employee was paid, a pay rate, the total taxes deducted, the amount of each direct deposit, and the check date of the deposit for pay periods from December 10, 2018 to December 12, 2019; (4) documents showing taxes paid to the IRS and the State of Alabama; and (5) a copy of a daycare license application. Coffman Decl. n.1.

27. On January 28, 2020, the Daycare Director reported to WHI Coffman that she and the owner were working with ADP, Respondent's payroll processor, to retrieve additional documents.

28. Since January 28, 2020, the Area Office has not received additional communication or documents from Respondent, nor has any representative of Respondent appeared at the Area Office. *Id.* at ¶33.

29. The conduct of Respondent constitutes disobedience and resistance to a lawful subpoena and an attempt to resist and thwart a lawful investigation by the Secretary.

## PRAYER FOR RELIEF

WHEREFORE, the Secretary prays that this Court:

1. Enter an Order requiring Respondent to Show Cause, if any, why it should not be required to produce all items and documents identified in the Subpoena;

2. Enter an Order directing Respondent to appear, at a time and place to be fixed by the Court, before a duly-appointed official of the United States Department of Labor, and to produce, at that time, all items and documents listed and described in the Subpoena;

3. Enter an Order equitably tolling the statute of limitations during the period of non-compliance with the Subpoena; and

4  Grant the Secretary such other and further relief as may be necessary and appropriate.

Respectfully submitted this 5th day of May, 2020.

| | |
|---|---|
| ADDRESS: | KATE S. O'SCANNLAIN<br>Solicitor of Labor |
| Office of the Solicitor<br>U.S. Department of Labor<br>61 Forsyth Street, S.W.<br>Room 7T10<br>Atlanta, GA 30303 | TREMELLE I. HOWARD<br>Regional Solicitor<br><br>ROBERT L. WALTER<br>Counsel |
| Telephone:<br>(678) 237-0620 (Direct)<br>(404) 302-5438 (Facsimile)<br>Ellis.cameron.w@dol.gov<br>Atlanta Docket<br>Atl.fedcourt@dol.gov | By: /s/Cameron W. Ellis<br>     CAMERON W. ELLIS<br>     Trial Attorney<br><br>Attorneys for the Secretary of Labor, United States Department of Labor. |

SOL Case No. 20-00311